IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-00176-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHRISTOPHER LEE MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes now before this Court on motion of the United States, and without objection by the defendant, to toll the time period for the United States to respond to the defendant's motion to withdraw his guilty plea and hold in abeyance the defendant's sentencing hearing in the above captioned case.

On July 14, 2015, defendant filed the motion at issue, which identifies four Eastern District Court Orders, of varying degrees of specificity, issued in United States v. Taurean Davis, 5:14-CR-107-BR-1 (E.D.N.C. March 9, 2015), United States v. Reginald Townsend, 5:96-CR-157-H-16 (E.D.N.C. May 13, 2015), United States v. Angel Romero, 5:15-CR-87-BO-1 (E.D.N.C. June 12, 2015), and United States v. Andre Edwards, 5:15-CR-137-F-1 (E.D.N.C. July 7, 2015), holding that supervision imposed under the Justice Reinvestment Act ("JRA") does not count as imprisonment. As noted, these decisions contradict this court's decision in United States v. Barry Bunn, 5:14-CR-272-FL-1 (E.D.N.C. June 24, 2015).[1] Several orders issued in the Middle District are similarly

---

[1] Defendant comments this Court's decision in Bunn is seemingly inapposite of its decisions in United States v. Brandon Garner, 4:14- CR-66-FL-2 (E.D.N.C. June 9, 2015) (finding Garner's 2013 North Carolina conviction of possession of a schedule II controlled substance, which received a 6 to 17 month suspended sentence and 24 months of probation, and which was subsequently revoked on January 21, 2014, should receive two points under U.S.S.G. §

aligned. Where this defendant seeks to withdraw his guilty plea, the court finds it appropriate to delay ruling pending anticipated decision by the United States Court of Appeals for the Fourth Circuit on the issue presented.

For good cause shown, it is hereby ORDERED that the time period for the United States to respond to the defendant's motion to withdraw his guilty plea is tolled and the defendant's sentencing hearing in this matter held in abeyance until such time as the Fourth Circuit issues its opinion in United States v. Barlow, No. 15-4114.

This the 27th day of July, 2015.

LOUISE W. FLANAGAN
United States District Judge

---

4A1.1(b) rather than three points) and United States v. Damon Nicholson, 5:05-CR-269-FL-1 (E.D.N.C. May 26, 2015) (finding a Grade C violation, but imposing an upward departure based on Mr. Nicholson's use of controlled substance the day of release, non-compliance while in a half-way house, absconding, and criminal conduct). The landscape has, as counsel notes, been rapidly evolving. Nicholson was, in the context of a hearing on a petition to revoke supervised release, the first instance the court recalls confronting the issue, which was not outcome determinative. In Garner, about two weeks later, the issue impacted the number of criminal history points but not the history category and thus had no impact on the Guidelines sentencing range. In Bunn the issue was squarely raised and thoroughly briefed in the context of a motion to dismiss one count of the indictment. The court's detailed written order followed.